May it please the court, my name is James Davis for the appellant. The district court's order denying defendants request for a new trial and judgment as a matter of law for officer McDonald to be reversed. The court made two undeniable legal errors. First, the district court erred by denying defendants request for an instruction that the jury should find the defendants if there's probable cause to arrest for simple possession. That instruction was warranted under Devin Peck and there was more than sufficient probative evidence in the record to support that charge. Second, the court compounded the initial error by incorrectly applying a heightened standard of prejudice to the defendants motion for new trial, the stringent fundamental error test that applies only to unpreserved objections to jury instructions. Here, the defendants requested the appropriate instructions before trial and the court should have asked only whether a properly charged jury could have reached a different verdict. Under that standard, the instructional error was non-harmless. Even crediting Mr. Theodat's testimony in its entirety, he never denied possession of the marijuana that was recovered as a teen, as the district court noted. The jury could have reached the conclusion that Mr. Theodat had at some point possessed that marijuana, or at least that there was probable cause to believe that he possessed it at some point. And if they had reached that conclusion, they would have necessarily rendered verdict for the defendant. Additional facts bolstered the conclusion that the defendants were prejudiced here. The jury found for the defendants on the excessive force claim, which indicates that they did not fully credit Mr. Theodat's testimony. And as the district court noted during trial and in its order on the motion for new trial, the evidence in Mr. Theodat's testimony was very thin, and the court even said it could have disclosed this case on current judgment. Moreover, Mr. Theodat's testimony deferred in marked respect from the only other witness he called bolstered his account, his friend David St. Paul. This court also erred in denying Officer McDonald's motion for judgment as a matter of law. For a failure to intervene claim to succeed, the plaintiffs must show that the defendant knew that the arrest was unjustifiable, that the particular defendant knew that the arrest was unjustifiable and that he had realistic opportunity to intervene. Here, there's just no evidence in the record for the jury's conclusion that Officer McDonald had independent knowledge that the arrest was unlawful or that he had a reasonable opportunity to prevent it before it was perpetuated. The evidence showed only that McDonald was present and observed the arrest, but that's not sufficient. There must be evidence that he knew the arrest was unlawful. And the only evidence that Mr. Theodat... I have one minute left. Three minutes. First three minutes. Thank you very much. The only evidence that Mr. Theodat points to on this point was a that someone said something to the effect of good to go. That's just not enough to support the inference that Officer McDonald was aware that the arrest was unlawful without resorting to sheer sunrise and speculation, which the jury is not permitted to do. Mr. Theodat also points to the entry of the arrest paperwork at the precinct later on that night, but transcribing information gives Officer McDonald no additional information as to the lawfulness of the arrest. And Mr. Theodat points to nothing indicating that an officer has a duty when inputting if he deems it unlawful. That's not the law, and it's certainly not clearly established law for the purposes of qualified immunity. For those reasons, we request the court reverse the post-trial order, vacate the judgment, and direct the district court to grant a new trial with Officer Crooms and to grant judgment as a matter of law to Officer McDonald. And I'm happy to answer any questions. Well, could you... This is Judge Livingston. I guess I'm having difficulty seeing why a reasonable jury on the evidence here could not have concluded that Officer McDonald failed to intervene. I know I'm looking at the second issue first, but we ended with that. I mean, there's clear testimony that he's present for the arrest. Theodat testified that he was handled by Officer McDonald during the arrest, not at the outset, but during the course of the arrest. And then there's this meeting of the officers to decide it might be reasonable to conclude that there was some discussion of proceedings. So what am I misunderstanding about the course of events? Sure. I don't actually think that is any misunderstanding about the course of events. I just... We argue that that evidence does not show that Officer McDonald knew that the arrest was unlawful. The fact that he handled him might be... If there was a claim for false arrest against Officer McDonald, the fact that he handled him might be relevant, but the fact that he handled him doesn't give him any additional knowledge as to the lawfulness of the underlying arrest. Basically, what he knew is that Officer Crooms arrested him, presumably that he was arresting him for possession. There's no indication that he was given any other additional information to suggest that he would have any independent knowledge that the arrest was not supported by probable cause. And as to the conversation, there's no evidence to indicate that Officer Crooms shared any information with him about the fact that he actually didn't possess marijuana or any other information. It's an unattributed statement to someone that said, good to go, which without resorting to sheer speculation, I think does not prove any knowledge of unlawfulness. I'm just... I'm wondering what the case would need to look like for there to be adequate evidence. Would Officer Crooms have had to describe his probable cause to Officer McDonald? Usually we allow juries to make reasonable inferences from circumstantial evidence. So surely you can make some inferences from presence at the arrest scene and participation in the arrest. I think that's right. And I think the difference is... I think there's also a reason why there's relatively few failure to intervene claims on false arrest as opposed to accepted force, which is more obvious. You can see it happening and realize it's a constitutional violation. But I think Rusuti, which we cite in our reply brief, and I think I'm probably pronouncing it wrong, it gives an indication of this kind of circumstances there. The person who was arrested came in to the precinct. The officers had no indication that he had done anything before other than what another officer had said. But there was evidence in that case that that officer had actually falsified the report and then they knew the report was falsified when they arrested the person. Do you want to go back and address again the primary claim, whether there's an entitlement to a new trial? Did you have anything? I think I covered our... I canvassed our argument to the extent that there was points I wanted to make. If there's no further questions, I'll come back on reply and see if there's anything else we need to say. Okay. So you've reserved your rebuttal time. Yes. Thank you. Mr. Knudson. May it please the court. My name is John Knudson and I represent the plaintiff appellee, Jeffrey Theodat. Defendants raised two separate arguments in this appeal of the jury verdict below, which found defendants falsely arrested and failed to intervene to stop the false arrest of Mr. Theodat. These arguments are unavailing and this appeal should be dismissed. Officer Crooms argues that the jury could have found that Theodat possessed but did not smoke marijuana, and thus the jury charge was erroneous and prejudicial because it did not include that This argument is erroneous for multiple reasons. Fundamentally, this argument must be denied because under the facts of this case and the jury charge given, the jury already decided that Theodat did not possess marijuana. The only evidence at trial that Theodat possessed marijuana was Crooms' testimony that he witnessed Theodat alone on the corner of East 46th Street in with Penal Law 221.10, Criminal Possession of Marijuana in the Fifth Degree, and the district court instructed the jury on probable cause using that penal law. 221.10 states, a person is guilty of criminal possession of marijuana in the fifth degree when he knowingly and unlawfully possesses marijuana in a public place and such marijuana is burning or open to public view. Crooms' testimony was that the only marijuana allegedly possessed by Theodat was both burning and open to public view. Since the jury found for Theodat, the jury necessarily determined that Theodat did not smoke marijuana or have any marijuana open to public view, and there was no other evidence offered indicating Theodat possessed marijuana. To the contrary, the evidence was he was searched at least twice without any contraband being found. Thus, the jury necessarily found that Theodat did not possess any marijuana, and accordingly, the lack of instruction on probable cause for mere possession of marijuana was not error and did not prejudice. Excuse me, you have one minute left of your first three. Thank you. Officer McDonald argues that the jury's determination that he failed to intervene was without sufficient evidentiary basis and must be overturned. Second Circuit precedent holds that the jury's determination that an officer had an opportunity to intervene must be upheld unless, considering all the evidence, the jury could not possibly conclude otherwise. That's Terebisi v. Torosso, 764 at 3rd, 217 at 244. Here, there was an overwhelming amount evidence indicating that McDonald failed to intervene despite knowing that there was no basis to arrest Theodat. McDonald was at the scene. Theodat testified that McDonald had his hands on Theodat during the several minutes that the officers held Theodat while the officers searched the area but, in the end, did not find any contraband. McDonald then had a hushed conversation with the other officers after which Theodat and his acquaintance were handcuffed and put in a McDonald then drafted up the arrest report for Theodat at the precinct. Based upon these facts, the jury was well within its discretion to decide that McDonald had knowledge of the facts of the false arrest and an opportunity to intervene and his failure to do so violated Theodat's constitutional rights. Well, there's not evidence that he, um, do we know that he saw the your client, so he was participating in the detention, um, but do we know that he knew of the basis for, I mean, it felt circumstantial that he knew of the basis or lack of basis for probable cause. McDonald argues at, uh, at the trial he testified he didn't remember the arrest so there was, he had no, there's no evidence of knowledge. As you point out Judge Livingston earlier, the jury can infer knowledge, um, of what happened. What you, what the version of the, Theodat's version of events is that there was no contraband found. Um, McDonald was one of the three officers that all got out of the car at the same time, the police vehicle, and approached Mr. Theodat and his acquaintance and searched the area around them but did not any marijuana. Based upon that, the jury was well within its discretion to infer that he had knowledge, they had a hushed conversation, and, um, decided at that time to place Mr. Theodat and his acquaintance in handcuffs and put them in the police vehicle. And accepting, the jury was free to disregard also or disbelieve McDonald's testimony that he didn't remember what happened and I would note that accepting McDonald's argument about his lack of memory, um, that it means that there's no evidence of knowledge would be bad precedent and encourage potential, um, officers to do that same argument. Turning back to Croons' argument, the jury charge was not erroneous, there was no evidence of marijuana that was not already necessarily prejudiced considered by the jury and their evaluation of probable cause as charged to the jury and there was also no prejudice from the lack of a jury instruction on mere possession. When evaluating prejudice, you assess the error in light of the record as a whole. That's Marshall v. Randall, 719 F3rd 113 at 116 from the Second Amendment. The prejudice here is the facts were exactly the same for both potential basis for probable cause and defendants do not point to any other facts or realistically argue how the jury could have found probable cause for possession but not smoking. Croons was also not prejudiced from the lack of an instruction since he did not argue this basis for probable cause to the jury. Croons did not testify that there was probable cause to arrest for mere possession of marijuana and he did not argue probable cause to arrest for mere possession in his closing. It's hard to see how it can be prejudiced if you did not raise the issue with the jury at trial. Here the jury did not parse out what happened, they rejected Croons' version entirely. The jury obviously did not believe Croons who even admitted in court that he lied on the stand. This rejection of Croons' version demonstrates that in this case there was no prejudice from any alleged error in the jury charge and a recent summary order by this court in a false arrest case in 2019 even held as much. That case is Lugo v. City of New York 773 Fed APPX 68-69 where they found no prejudice even if the jury charge was error because the parties offered starkly differing accounts of the arrest at issue and the verdict indicated that the jury believed one version and rejected the other. I mean with regard to the verdict on the excessive force claim though isn't that some a basis to say they didn't reject his testimony entirely? No it may be it may not be important to the disposition that you're seeking but uh but isn't it some indication that uh that they did not wholly reject his testimony? Can we really be confident that they didn't just pick and choose different portions? Um I think that the defendants make that argument um I think it's an incorrect assumption however because I believe the jury could have believed his testimony about the use of force but just found it not excessive. This was not a excessive force claim where an officer was something doing something gratuitous like a punch or a kick or using pepper spray without any basis. Here the force alleged was that he was holding his arm behind his back but that he was doing it too hard potentially. A jury you know given the lack of like a gratuitous element of force a jury could find that that happened um but it was not exceptive. Also I think that argument is irrelevant because it doesn't explain how the jury could have come to conflicting results on the probable cause determination from the exact same evidence. Um the defendant also argues in their initial uh argument here that there was a the defense the district court made an error by the using a heightened standard of review on the prejudice question that is incorrect as defendant's own brief demonstrates. Um on page 19 to 20 of their brief defendants state that the proper standard for evaluating prejudice is whether the ever error would influence the verdict. Defendants then specifically note that the district court determined that if an error occurred it would not influence the verdict that that's what the special appendix page 10 is the decision language thus the district court actually used the correct standard when evaluating prejudice. Excuse me you have one minute left. Thank you. As going back to McDonald um when evaluating his request you must use the facts as you both most favorably see it at um and I don't think McDonald's argument did that it framed the argument multiple ways that disregard of the facts that uh see it at. Um or and see that also excuse me McDonald argues for qualified immunity his request must be denied um he did not ask for qualified immunity as post-trial papers and typically arguments that are not raised and evaluated below are generally not considered for the first time on appeal. McDonald's argument is that he's entitled to qualified immunity because it was not clearly established that he had to investigate the arrest after the fact. He does not argue that he is entitled to qualified immunity for failing to stop the false arrest of Theodat at the scene and he does not attempt to show using the facts asserted by Theodat why he is entitled to qualified immunity and further it was clearly established that his conduct was unconstitutional as recorded in repute denied qualified immunity to officers who stood idly by and did not intervene to stop a false arrest and then created false arrest documents including falsifying the time and location of the arrest. All that is consistent with Theodat's version of what happened here. Thank you and if there are no further questions I will rest on my paper. Thank you uh we will hear rebuttal. Uh thank you your honor just a couple of quick points uh first off on the the question of what what the evidence and the record was at this for the idea that there might have been probable cause uh for possession but not for smoking actually in reality what Karim specified too was that he saw Theodat smoking something and then he smelled marijuana but it could have been the case that he's smoking something else and he's still on being approached by the police through the marijuana that was later recovered on the ground that's just one potential scenario for how the jury could have reached the conclusion that he possessed marijuana even though they could have also found that it was not open or burning to public view but the fundamental point is that it should have been a question for the jury to decide and because of the erroneous instruction the jury was denied the opportunity to decide that. Also just to address quickly the argument that he did not that Karim did not argue during his testimony that he had probable cause arrest for possession it's just you don't argue during your testimony and his his personal subjective reason for arresting is irrelevant as Devantech shows uh and also the fact that they didn't argue in the closing is because you're denied the uh instruction on that issue so it would have been improper to to argue during the closing. Uh and then moving quickly to the uh judgment as a matter of law for officer McDonald. Oh sorry thank you. Uh my friend argues that there was no contraband found so officer McDonald must have known that uh there was no reason to arrest him but uh there is actually no dispute that they found that uh marijuana that was recovered at the scene and captured in the evidence he never testified that they that they didn't uh just that in their search of his person and later search they didn't find anything any additional contraband and then unless there are any other questions we're happy to rest on those arguments. Thank you. Thank you both and we will uh we'll take it under advisement.